**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-227 |
| | ) | |
| ERIC TRIPLETT | ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Eric Triplett's Motion for Early Termination of Supervised Release, which is opposed by the Government. (Docket Nos. 64, 69, 70). After careful consideration of the parties' positions, Defendant's Motion will be granted.

## I.   BACKGROUND

On November 4, 2022, Defendant pled guilty to the one-count Indictment in this case, charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docket Nos. 28, 30). Defendant was sentenced on March 9, 2023, to a term of 24 months' imprisonment followed by a 3-year term of supervised release. (Docket Nos. 46, 49). Following Defendant's release from imprisonment, his term of supervised released commenced on May 29, 2024. (*See* Docket No. 67 at 1).

Defendant has now filed the pending Motion in which he submits that early termination of supervised release is warranted because he has complied with all conditions of supervision, he has not had any violations during his approximately 2 years on supervision, and he has maintained consistent employment, working in both construction and industrial painting for Avalotis, as well as in home healthcare for Kie to Care. (Docket No. 64, ¶¶ 3, 4). Further, Defendant maintains that opportunities for growth or additional employment are limited by the current restrictions on travel imposed by his conditions of supervision. (*Id.*, ¶ 4). These missed opportunities are

1

consequential to Defendant because he works to support his wife and their three children, with whom he lives, as well as his other four children, who do not live with him. (*Id.*).

Following the filing of Defendant's Motion, the Probation Office filed a Report of Status of Person Under Supervision With Respect to Early Termination (the "Report of Status"), wherein his probation officer certifies that he meets the relevant criteria for early termination at or after 18 months of supervision. (Docket No. 67 at 2).

The Government subsequently filed a Response opposing Defendant's Motion for Early Termination of Supervised Release. (*See* Docket No. 69). The Government concedes that several of the six factors set forth in the commentary to Guideline § 5D1.4 weigh in favor of Defendant's Motion. (*Id.*, ¶ 10). However, according to the Government, while analysis of those factors may support a reduction in the degree of supervision, they do not support termination of it, particularly because supervision appears to be having its intended effect. (*Id.*). Defendant then filed a Reply in further support of his request for early termination of supervision, (*see* Docket No. 70), thus the matter is ripe for disposition.

## II.      DISCUSSION

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised

---

[1]      Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and the sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that § 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the applicable § 3553(a) factors. *Id.* at 52. The court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted). After considering the applicable § 3553(a) factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted).

Importantly, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such

termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.*

Turning to consideration of the pertinent § 3553(a) factors as instructed in § 3583(e)(1), the Court first observes that the nature and circumstances of the offense of conviction - possession of a firearm by a convicted felon – is a serious offense as shown by the 24-month term of imprisonment imposed by this Court. Without minimizing the seriousness of Defendant's criminal conduct in this case and his prior criminal history, (*see* Docket No. 36, ¶¶ 24-26), the current information concerning Defendant's history and characteristics indicates that he has taken significant steps to rebuild his life as demonstrated by his gainful employment and the fact that he has prioritized his family by supporting his wife and children. Moreover, Defendant has not incurred any violations, and the probation officer has verified that he is compliant with the conditions of supervision. In sum, without minimizing the seriousness of Defendant's offense of conviction, the foregoing information reflecting Defendant's efforts to rebuild his life and remain a productive, law abiding citizen weigh in favor of early termination of supervision. *See* 18 U.S.C. § 3553(a)(1).

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Defendant, and to provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(B)-(D), weigh in favor of early termination.

4

The sentence imposed has provided adequate deterrence and has served to protect the public because Defendant has been compliant with the conditions of his supervised released and has not engaged in any new criminal activity since his term of supervision began in May 2024, as shown by the fact that no violation petitions have been filed in his case. Moreover, there is nothing in the record presently before the Court to indicate that Defendant requires any treatment or vocational training given that he is gainfully employed.

The Court does not believe that consideration of the kinds of sentence and sentencing range established for Defendant's crime and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§ 3553(a)(4) and (a)(6), are particularly relevant here and certainly do not weigh against early termination of supervised release. Finally, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is inapplicable in this case.

The pertinent policy statement issued by the United States Sentencing Commission, which appears at Guideline § 5D1.4(b), supports early termination. *See* 18 U.S.C. § 3553(a)(5). According to that policy statement, a court may terminate supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision" if the court "determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice." U.S.S.G. § 5D1.4(b) (citing 18 U.S.C. § 3583(e)(1)). In conducting an individualized assessment, the policy statement provides that the factors to be considered are the same factors used to determine whether to impose supervised release. *See id.*, Application Note 1(A) (citing 18 U.S.C. §§ 3583(c), (e)). When determining whether to terminate the remaining term of supervised release, the policy statement also instructs that courts "may wish to consider"

such factors as: any history of court-reported violations during the term of supervision; the defendant's ability to lawfully self-manage; substantial compliance with the conditions of supervision; the defendant's engagement in appropriate prosocial activities; a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and whether termination will jeopardize public safety. *See id.*, Application Note 1(B).

In the Court's estimation, Defendant satisfies these factors. As already discussed, Defendant has not sustained any violations during his term of supervision, the probation officer submits that he is in substantial compliance with the conditions of supervision, he has demonstrated the ability to lawfully self-manage by maintaining gainful employment, he has engaged in prosocial activities through his employment and supporting his wife (who serves as a prosocial support) and his children. Further, the probation officer states in the Report of Status that Defendant has not presented an identified risk of harm to the public since his term of supervised release began in May 2024.

Having considered the § 3553(a) factors, as well as the factors specified in the commentary to Guideline § 5D1.4(b), the Court next assesses whether early termination is warranted by Defendant's conduct and is in the interest of justice, *see Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)), and concludes that it is. In this Court's estimation, Defendant's conduct warrants early termination for several reasons. Defendant submits that he has complied with the conditions of his supervised release, and nothing in the record indicates to the contrary. As discussed, Defendant has reintegrated himself into the community by taking care of his family and maintaining steady employment. Further, it is notable that the Probation Office certifies that Defendant meets the criteria for early termination of supervised release, which underscores his compliance and laudable conduct. Finally, the interest of justice likewise warrants early

termination.   The Third Circuit Court of Appeals has recognized that the primary purpose of supervised release is to facilitate an offender's integration back into the community rather than to punish him.  *See Murray*, 692 F.3d at 280.  Based on the record before the Court, it appears that purpose has been achieved in Defendant's case for the reasons discussed herein.

### III.   CONCLUSION

After considering the specified factors set forth in 18 U.S.C. § 3553(a), as well as the factors enumerated in the commentary to Guideline § 5D1.4(b), the Court is satisfied that early termination of Defendant's term of supervised release is warranted by his conduct and the interest of justice.   Accordingly, the Court will exercise its discretion to grant early termination of Defendant's supervision.

An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 12th day of August, 2026, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release, (Docket No. 64), is GRANTED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

United States Probation Office